[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Savannah, Georgia on March 24, 1979. The plaintiff has resided continuously in Connecticut since 1982. There are two children, issue of this marriage. Elizabeth was born on March 16, 1980 and recently turned age eighteen. She resides with the plaintiff and expects to graduate from high school in June, 1998. The second child, Thomas, IV, was born on May 18, 1984 and resides with the defendant. The evidence indicates that this marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is 49 years old and indicated no health problems. He is employed as a corporate pilot for an insurance company. The defendant is also 49 years old and in good health. She attended college for two years and was working as a flight attendant on a commercial airline at the time the parties were married. The defendant has not been employed on a full time basis since 1980.
This has not been a happy marriage. Differences in personalities and needs created problems, and there was a lack of effort to attempt to remedy the situation. Although the evidence indicates a lack of sensitivity on the defendant's part in dealing with the plaintiff, each party must assume some responsibility for the breakdown of the relationship. CT Page 4782
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-56, 46b-62, 46b-81,46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. In accordance with the consent of the parties, the defendant shall have sole legal and physical custody of the minor child, Thomas.
 The plaintiff shall have reasonable and liberal rights of visitation. subject to his work schedule, which if not otherwise agreed to by the parties, shall be as follows:
a. Every Thursday from after school until 8 p. m.;
 b. Every other weekend from Friday after school until the following Monday morning, when he shall return the child to school or the defendant's residence if school is not in session. If the plaintiff is working on his weekend of visitation, he shall not leave his son with the parties' daughter, unattended;
 c. Alternating holidays in alternating years. to include New Year's Day, President's Day, Easter Sunday, Memorial Day, Fourth of July, Labor Day, Columbus Day, Thanksgiving Day, Christmas Eve and Christmas Day;
d. One-half of all school vacations, including the summer recess;
e. Father's Day in each year, regardless of the normal schedule
2. The periodic alimony and child support orders that follow are based on the plaintiff's gross annual income of $97,500 from employment. This includes a salary of $90,000 and a bonus of $7,500.
 a. The plaintiff shall pay to the defendant as periodic alimony the sum of $24,000 per year. The payments shall commence on April 1, 1998 in monthly installments, in advance, payable $1,000 on April 1st and $1,000 on April 15, 1998. The payments shall continue on the first and fifteenth day of each month thereafter until the death of either party or the defendant's remarriage, whichever event first occurs. If the plaintiff is paying periodic alimony at the time of his retirement, he may petition the court to review the financial situations of the CT Page 4783 parties and reconsider the criteria of Section 46b-82 of the General Statutes to determine if the plaintiff's obligation to pay periodic alimony should terminate or continue. The plaintiff shall be responsible for all household obligations he has been paying through March 31, 1998. A contingent wage withholding order may enter.
 b. The Child Support Guidelines provide that the plaintiff's obligation for child support is $276 per week. The plaintiff shall pay as child support the sum of $14,400 per year. The payments shall commence on April 1, 1998 in monthly installments, in advance, payable $600 on April 1st and $600 on April 15, 1998. The payments shall continue on the first and fifteenth day of each month thereafter for as long as the plaintiff is legally obligated to pay child support. A contingent wage withholding order may enter.
 The plaintiff shall be solely responsible for the support of his daughter until she graduates from high school in June, 1998.
3. As security for the plaintiff's obligation to pay alimony and child support, he shall
 a. Name the defendant as the irrevocable beneficiary of life insurance owned by the plaintiff in the amount of $250,000 for as long as the plaintiff is obligated to pay periodic alimony; and
 b. Name the minor child, Thomas IV, as the irrevocable beneficiary of life insurance owned by the plaintiff in the amount of $100,000 for as long as the plaintiff is obligated to pay child support.
 The plaintiff shall provide the defendant with proof that the insurance coverages are intact on or before April 15th of every year.
4. The plaintiff shall provide health, major medical and dental insurance for the minor child. The parties shall each be responsible for one-half of the unreimbursed or uninsured medical and dental expenses, provided that each party shall have given his or her consent to such non-emergency medical or dental treatment, which consent shall not be unreasonably withheld. Section 46b-84d of the Connecticut General Statutes shall apply.
5. The plaintiff shall cooperate in arranging for continued medical insurance coverage for the defendant pursuant to COBRA for the CT Page 4784 maximum period allowed by law, and the defendant shall pay the premiums therefor.
6. On April 1, 1998, a hearing was held on the plaintiff's Motion to Reopen the Evidence, based on the claim that the plaintiff now wishes to contest the issue of custody and desires sole custody of the minor child of the parties. The plaintiff's motion was denied, but the court was advised that the plaintiff intends to file a Motion to Modify Custody.
The court intended to order the plaintiff to transfer his interest in the marital residence to the defendant. However,. in view of the recent development, the court wishes to keep its options open on which party should be awarded the marital residence until the modification of custody issue is resolved.
Therefore, the defendant is awarded exclusive possession of the marital residence until further order of the court. The defendant shall be solely responsible for the payment of the mortgage and carrying charges related to the residence.
The court reserves jurisdiction as to the distribution of the marital residence. The court finds the equity in the residence to be $148,000.00. This represents the value claimed by the plaintiff, $220,000.00, adjusted by the necessary repairs, approximately $10,000.00 and reduced by the current mortgage, approximately $62,000.00.
After the modification of custody hearing, the court intends to either order the transfer of the marital residence to the defendant or the transfer to the plaintiff, with the plaintiff paying the defendant the sum of $148,000.00.
7. The plaintiff shall retain all right, title and interest in his condominium at 138 Woodside Green, Stamford, Connecticut and be solely responsible for the payment of the outstanding mortgage.
8. The parties shall divide equally the net equity from the sale of the condominium in Dallas, Texas.
9. The plaintiff's pension with Travelers shall be divided equally between the parties by way of a Qualified Domestic Relations Order, and the defendant shall receive 50% of the current value of the pension benefit when the plaintiff retires. The plaintiff's attorney shall draft the QDRO and obtain approval by Travelers. The court retains jurisdiction to modify this portion of the judgment to CT Page 4785 ensure compliance with federal and/or state law relating to retirement/pension benefits.
10. The plaintiff shall retain his IRAs with People's Bank and Merrill Lynch.
11. The defendant shall retain her IRAs at People's Bank and Merrill Lynch.
12. The plaintiff shall retain his checking and savings accounts.
13. The defendant shall retain her checking and savings accounts.
14. The plaintiff shall retain sole and exclusive ownership of his Travelers stock and Travelers stock options, both vested and unvested, listed on his financial affidavit dated March 19, 1998.
15. The plaintiff shall transfer to the defendant $235,000 of his interest in the Travelers 401K Plan listed on his financial affidavit dated March 19, 1998 by way of a Qualified Domestic Relations Order, and the plaintiff shall retain sole ownership of the balance of that plan. The plaintiffs hall cooperate in executing any documents necessary to implement this order. The court retains jurisdiction to modify this portion of the judgment to ensure compliance with federal and/or state law relating to retirement/pension benefits.
16. The plaintiff shall retain the following automobiles. 1957 Porsche, two 1990 Chrysler Le Barons, and the 1984 Plymouth Voyager. The defendant shall retain the 1993 Dodge Caravan. Both parties shall sign whatever documents required to transfer titles to the motor vehicles assigned to the other.
17. The parties shall each retain those items of personal property currently in his or her possession.
18. The parties have agreed to file joint federal and Connecticut income tax returns for the calendar year, 1997. It is so ordered. The plaintiff shall be responsible for the payment of all taxes owed pursuant to said returns and shall indemnify and hold harmless the defendant with respect to all income reported and all deductions claimed on said returns. The plaintiff shall be entitled to retain any refunds due for 1997 and all prior years in which joint returns were filed. The plaintiff shall be solely responsible for the payment of all income taxes due as a result of the sale of the condominium in Dallas, Texas. CT Page 4786
19. As long as the minor child, Thomas, lives with the defendant for the majority of the tax year, the defendant may claim him as a dependency exemption for federal and state tax purposes.
20. The plaintiff shall pay to the defendant as counsel fees the sum of $8,000. The court finds that a denial of the defendant's claim would unduly impair and undermine the other financial awards entered.
Judgment may enter accordingly.
NOVACK, J.